IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Blount, Gregory Genkin, : 
Vincent Wilson, Lucky Ride, Inc. : 
           : 
          v. : No. 1878 C.D. 2016
           : SUBMITTED: September 22, 2017
The Philadelphia Parking Authority : 
           : 
Appeal of: Lyft, Inc. : 

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE OLER, JR.          FILED: October 31, 2017

       In this case involving a part of the transportation industry known as

Transportation Network Companies (TNCs),[1] one such TNC (Lyft, Inc. or

---

[1] A Transportation Network Company is one that engages in a transportation network service, which is defined statutorily for present purposes as a service that:

       (i) Matches a passenger and transportation network company driver using a digital network in advance of a prearranged ride.
       (ii) Is characterized by a transportation network company driver offering or providing a prearranged ride to a passenger.
       (iii) Originates within the city [of Philadelphia].
       (iv) Is rendered on an exclusive basis.
       For purposes of this paragraph, the term **"exclusive basis"** means a transportation network service on a given prearranged ride when each individual, party or group may not be required to ride with another passenger on that prearranged ride unless the individual,

Appellant) has appealed from an order granting a preliminary injunction that declared TNC taxi service in the City of Philadelphia to be violative of the civil rights of riders with disabilities under the Americans with Disabilities Act[2] and the city's Fair Practices Ordinance,[3] enjoining such service in the city, and directing the Philadelphia Parking Authority (Authority) to "fully enforce under the law its

> party or group consents to additional passengers on the prearranged ride.

53 Pa. C.S. § 57A01.

> A Transportation Network Company Driver is defined statutorily as an individual who:
> (1) Receives connections to potential passengers and related services from a transportation network company, in exchange for payment of a fee to the transportation network company.
> (2) Uses a personal vehicle to offer or provide a prearranged ride to passengers upon connection through a digital network controlled by a transportation network company in return for compensation or payment of a fee.
> The term shall not include an individual who receives reimbursement that does not exceed the actual costs incurred while providing transportation.

53 Pa. C.S. § 57A01.

> A Transportation Network Company Passenger is defined statutorily as "[a] person who uses a digital network to connect with a transportation network company driver who provides prearranged rides to the passenger in the driver's personal vehicle." 53 Pa. C.S. § 57A01.

[2] 42 U.S.C. §§ 12101 – 12213.
[3] The Philadelphia Code, ch. 9-1100.

2

regulations with regard to TNC as unauthorized taxi service within the City of Philadelphia."[4]  No briefs have been filed in response to the appeal.[5]

For the reasons stated in this opinion, the preliminary injunction will be vacated insofar as it applies to Appellant, on the basis of intervening, remedial legislation.

## STATEMENT OF FACTS

In the course of litigation against the Authority in connection with the purported operation of TNCs in the city, a preliminary injunction was issued by the Court of Common Pleas of Philadelphia County (trial court), reading as follows:

> **AND NOW**, this 6[th] day of October, 2016, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion for a [sic] injunctive relief is **GRANTED**, for the reasons set forth on the record today and at previous hearings.
>
> 1. 'TNC' taxi service that provides point to point service in the City of Philadelphia (such as UBER-X and LYFT) violates the civil rights of riders with disabilities in violation of the American[s] [with] Disabilities Act, and the City's Fair Practice[s] Ordinance;
>
> 2. Accordingly, such service shall cease and desist within the City of Philadelphia;

---

[4] Court of Common Pleas of Philadelphia County's 10/6/16 order, ¶ 3.

[5] Ronald Blount, Gregory Genkin, Vincent Wilson, and Lucky Ride, Inc. (collectively, Plaintiffs) failed to file briefs with this Court.  Therefore, by order of this Court dated July 24, 2017, and entered July 25, 2017, Plaintiffs were precluded from filing briefs.  The Authority filed a letter with this Court indicating that it would not participate in this appeal. (Authority's Notice of Non-Participation, filed June 14, 2017.)

3. PPA [Philadelphia Parking Authority] shall fully enforce under the law its regulations with regard to TNC as unauthorized taxi service within the City of Philadelphia;

4. PPA shall provide a copy of this Order to all TNC taxi companies and operators to whom it may issue citations;

5. Continued violation of this Order may result in contempt of court, upon notice and hearing.[6]

On October 7, 2016, Lyft, Inc., appealed this order. In support of the appeal, Appellant argues: (1) that it is aggrieved by the order; (2) that its lack of party status, notice and an opportunity to be heard amounted to a due process violation; (3) that the omission of a requirement for security rendered the injunction a nullity under Pennsylvania Rule of Civil Procedure No. 1531(b); (4) that the lower court lacked original subject matter jurisdiction of the litigation due to the Authority's status as a Commonwealth agency; (5) that the order premised relief in part on a ground, related to the rights of disabled persons, that had been withdrawn from Plaintiffs' amended complaint; and (6) that administrative remedies had not been exhausted with respect to any purported violation of the Philadelphia Fair Practices Ordinance prior to institution of the litigation. As noted, no brief in response to these contentions has been filed. On March 2, 2017, this Court issued an order granting Lyft's motion for a stay pending disposition of the appeal.

---

[6] Trial court's 10/6/16 order, footnote omitted.

Since the preliminary injunction was issued, the Pennsylvania legislature enacted a law,[7] effective November 4, 2016, dealing with issues that the injunction attempted to address. This statute provides, *inter alia*, for licensing of TNCs and TNC drivers by the parking authority,[8] subject to numerous rules and regulations,[9] and contains a section designed to protect the rights of disabled persons.[10] In this regard, in a letter declining to file a brief with this Court, counsel for the Authority has included the observation that "legislation enacted subsequent to [the] Order [appealed] has mooted any question of appellant's current rights."[11]

## DISCUSSION

With respect to the criteria for a preliminary injunction, the Pennsylvania Supreme Court has stated as follows:

> The six essential prerequisites that a moving party must demonstrate to obtain a preliminary injunction are as follows: (1) the injunction is necessary to prevent immediate and irreparable harm that cannot be compensated adequately by damages; (2) greater injury would result from refusing the injunction than from granting it, and, concomitantly, the issuance of an injunction will not substantially harm other interested parties in the proceedings; (3) the preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the party seeking injunctive relief has a clear right to

---

[7] 53 Pa. C.S. §§ 57A01 – 57A22.

[8] 53 Pa. C.S. §§ 57A02 – 57A05.

[9] *See e.g.*, 53 Pa. C.S. §§ 57A07 – 57A10.

[10] 53 Pa. C.S. § 57A11.

[11] Authority's Notice of Non-Participation, filed June 14, 2017. Counsel for Appellant, on the other hand, notes that the underlying case remains pending and that the preliminary injunction technically remains in effect. (Appellant's brief at 7.)

relief and is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) the preliminary injunction will not adversely affect the public interest.

*SEIU Healthcare Pennsylvania v. Commonwealth,* 104 A.3d 495, 501-02 (Pa. 2014).

In the present case, the context for consideration of the need for a preliminary injunction has been altered by the TNC legislation effective November 4, 2016 to such a significant extent that the predicate for several of the above prerequisites for issuance of the injunction *sub judice* can no longer be said to exist. For this reason, the preliminary injunction will be vacated insofar as it applies to Lyft, Inc.[12]

_____
J. WESLEY OLER, JR., Senior Judge

---

[12] In view of our disposition of the appeal on this ground, it is unnecessary to consider the various other bases for relief asserted by Appellant.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ronald Blount, Gregory Genkin, | : | |
| Vincent Wilson, Lucky Ride, Inc. | : | |
| | : | |
| v. | : | No. 1878 C.D. 2016 |
| | : | |
| The Philadelphia Parking Authority | : | |
| | : | |
| Appeal of: Lyft, Inc. | : | |

**O R D E R**

AND NOW, this 31st day of October, 2017, the order of the Court of Common Pleas of Philadelphia County dated October 6, 2016 is vacated insofar as it applies to Appellant Lyft, Inc.

_____
J. WESLEY OLER, JR., Senior Judge